IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME ANDREW BURNETT,<br>    *Plaintiff*,<br><br>v.<br><br>EDWARD A. GARMATZ UNITED STATES DISTRICT COURTHOUSE,<br>    *Defendant* | Case No. 25-cv-0501-ABA |

**MEMORANDUM OPINION and ORDER**

Self-represented Plaintiff Jerome Andrew Burnett filed a complaint in February 2025 alleging various violations of his constitutional rights and several federal statutes, including the Americans with Disabilities Act and the Civil Rights Act of 1866. ECF No. 1 at 4.

Mr. Burnett's objections center around two filings, which he identifies as "ECF # 143 and 144," from a past case in this court, 22-cv-02840. *Id*. at 6. Case number 22-cv-02840 is an employment discrimination case that Mr. Burnett brought in 2022. Mr. Burnett originally filed the case in state court and the defendant removed it to federal court. ECF Nos. 1, 5 (22-cv-02840-JKB). The filings Mr. Burnett challenge are a memorandum opinion and order by Judge Bredar granting defendant's motion for summary judgment. ECF Nos. 143, 144 (22-cv-02840-JKB). Plaintiff alleges that these filings "place[] the Court of creating sedition and treason" against the U.S. Constitution. ECF No. 1 at 6. He also alleges that Judge Bredar violated his oath of office. *Id*. Mr. Burnett seeks damages of $100 million in Treasury bonds, which he states he will "cash out" and return to the courthouse after 30 years. *Id*. at 7.

1

The Court will, on its own initiative, dismiss the complaint, for multiple reasons. While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even reading the complaint with deference to Plaintiff, the complaint does not assert any cognizable causes of action against the named defendant—the Edward A. Garmatz United States District Courthouse. Even interpreting the complaint as one brought against an individual named in the complaint *within* the courthouse (*i.e.*, Judge Bredar), Plaintiff does not identify any complained-of act other than the order granting summary judgment in Mr. Burnett's 2022 employment case. That allegation alone is insufficient to support any of Plaintiff's claims. Accordingly, the complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The absence of any cognizable violation of federal law, and the absence of diversity of citizenship, also means the Court lacks subject matter jurisdiction; accordingly, the complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(1) as well. *See Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) ("because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.").

Along with his complaint, Mr. Burnett has filed a motion for leave to proceed *in forma pauperis*. ECF No. 5 (corrected motion). The motion is moot in light of the dismissal. Likewise, because the Court lacks subject matter jurisdiction over the complaint, the Court will not decide the other motions pending in this case. *See* ECF No. 3 ("Motion for Federal Rule 60(a)(b)(3)(4)(6)(c)(1)(d)(1)(3) – Relief from a Judgment

or Order of 1938 and amended in 2007"); ECF No. 14 ("Motion Pursuant to Federal Rule 5.1 Constitutional Challenge of 2006 and Amended in 2007"). Those motions will also be dismissed as moot.

## ORDER

For the reasons stated above, it is hereby ordered:

1. the complaint (ECF No. 1) is DISMISSED with prejudice;
2. the corrected motion for leave to proceed *in forma pauperis* (ECF No. 5) is DENIED as moot;
3. the other pending motions (ECF Nos. 3, 14) are likewise DENIED as moot; and
4. the Clerk of Court shall CLOSE the case.

Date:  May 16, 2025                              _____/s/_____
                                                 Adam B. Abelson
                                                 United States District Judge