IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME ANDREW BURNETT,<br>    *Plaintiff*,<br><br>v.<br><br>EDWARD A. GARMATZ UNITED STATES DISTRICT COURTHOUSE,<br>    *Defendant* | Case No. 25-cv-501-ABA |

**MEMORANDUM OPINION and ORDER**

In February of this year, Plaintiff, Jerome Andrew Burnett ("Plaintiff" or "Mr. Burnet") filed a complaint against the Edward A. Garmatz United States District Courthouse ("Defendant"), alleging various violations of his constitutional rights and several federal statutes. *See* ECF No. 1. The Court recently dismissed the case with prejudice under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 15 (memorandum and order; hereinafter "the Order"); *id*. at 2. A few days following the dismissal, Mr. Burnett filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), along with two related motions. *See* ECF No. 16 (motion for reconsideration), ECF No. 17 (motion for leave to proceed in forma pauperis), ECF No. 19 ("Motion for Federal Rule 60(a)(b)(3)(4)(6)(c)(1)(d)(1)(3)—Relief from a Judgment or Order of 1938 and amended in 2007"). For the reasons set forth below, the Court will deny the motion for reconsideration, along with the other motions.

I.     **ANALYSIS**

Under Federal Rule of Civil Procedure 59, there are only three circumstances where the Court may grant reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct

a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). Reconsideration is "an extraordinary remedy that should be applied sparingly." *Id.* (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). Rule 59(e) motions do not simply allow "[a] party [to] get a second bite at the apple . . . after judgment has been issued." *Irani v. Palmetto Health*, 767 F. App'x 399, 423 (4th Cir. 2019).

Mr. Burnett's motion does not cite a change in controlling law, new evidence, or a clear error of law. *See* ECF No. 16. His motion makes essentially the same arguments as those in his initial complaint. *Compare id.* at 1-2 (alleging that the Order violates his rights under the First, Fifth, Seventh, and Fourteenth Amendments) *with* ECF No. 1 (alleging a violation of his rights under the First, Fifth, Seventh, and Fourteenth Amendments, along with the Americans with Disabilities Act and other federal statutes). The law remains clear that a building, such as a federal courthouse, is not subject to suit under 42 U.S.C. § 1983. *See, e.g.*, *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), *aff'd in relevant part*, 203 F.3d 821 (4th Cir. 2000) (dismissing claims against a regional jail because it "is not a 'person,' and therefore not amenable to suit under [§ 1983]").

His motion also does not establish that manifest injustice will result from the Order. Plaintiff appears to object that (1) he was not granted a hearing and (2) the Order was signed with a digital signature ("/s/"). ECF No. 16 at 1 (the Order "violates the . . . right to . . . be granted a hearing" under the Seventh Amendment), ECF No. 16-1 at 1 (the Order was "not signed properly by the presiding Federal Judge . . . "/s/" is not the appropriate manner to have a document electronically signed in Federal Court.") (citing

10 C.F.R. § 2.304(d)). Neither of these points constitute a manifest injustice. The Court has the discretion to determine whether a hearing is necessary. *See* Local Rule 105.6 ("Unless otherwise ordered by the Court . . . all motions shall be decided on the memoranda without a hearing."). And the regulation that Mr. Burnett argues bars the use of the "/s/" signature does not apply to his complaint. *See* 10 C.F.R. § 2.300 (regulations govern "adjudications conducted under the authority of the Atomic Energy Act of 1954, as amended"). Because Plaintiff has not met any of the standards for reconsideration under Rule 59, the Court must deny the motion for reconsideration.

Mr. Burnett also filed a "Motion for Federal Rule 60 (a)(b)(3)(4)(6)(c)(1)(d)(1)(3)." ECF No. 19 (hereinafter, the "Rule 60 motion"). The motion shares substantial similarities with Mr. Burnett's original complaint. *See, e.g.*, *id.* at 7 (challenging a memorandum opinion and order filed by Judge Bredar in a previous case); ECF No. 1 at 6 (challenging that same memorandum opinion and order). The Fourth Circuit has "squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010). Here, although Mr. Burnett filed two separate motions challenging the Order under Rules 59 and 60, both motions were filed within days of each other and both were filed within the ten days following the filing of the Order. *See* ECF No. 15 (Order filed May 16, 2025), ECF No. 17 (motion for reconsideration filed May 20, 2025), ECF No. 19 (Rule 60 motion filed May 23, 2025). The Court will therefore treat the motions as "a motion filed under both Rule 59(e) and Rule 60(b) . . . filed no later than 10 days after entry of the adverse judgment." *See Robinson*, 599 F.3d at 412. The Rule 60 motion does not cite a change in controlling

law, new evidence, or a clear error of law, nor does it establish that manifest injustice will result from the Order. *See Mayfield*, 674 F.3d at 378. The Court will, therefore, deny the Rule 60 motion.

## II. CONCLUSION AND ORDER

For the reasons stated above, it is hereby ORDERED:

1. Plaintiff's motion for reconsideration (ECF 16) is DENIED;

2. Plaintiff's Rule 60 motion (ECF No. 19) is DENIED;

3. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 17) is DENIED as moot; and

4. the Clerk of Court shall CLOSE the case.


Date:  June 9, 2025                              _____/s/_____
                                                 Adam B. Abelson
                                                 United States District Judge